# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS WARNER, | 1:10-cv-00086-DLB (HC) |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION TO STAY PETITION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST THE STATE COURT REMEDIES, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
|     v. | |
| SWARTHOUT, Warden | |
|     Respondent. | |
| | [Docs. 1, 2, 4] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (Court Doc. 6.)

Petitioner filed the instant petition for writ of habeas corpus on December 28, 2009, along with a motion to stay the petition pending his return to state courts to exhaust. (Court Docs. 1, 2.) Petitioner is challenging his conviction for first degree murder in the Stanislaus County Superior Court. Petitioner raises the following claims: 1) ineffective assistance of trial counsel; 2) ineffective assistance of appellate counsel; 3) actual innocence; 4) substantial delay; 5) cumulative errors; and 6) Cunningham/Apprendi error. (Petition, Memorandum of P&As.)

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing §

1

2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to*

> *that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner concedes that he has not presented the claims in the instant petition to any of the state courts and has therefore not exhausted the claims. (Motion to Stay, at 1.) However, Petitioner has filed a motion to stay the case and hold the petition in abeyance while he returns to state court to exhaust the claims.

Petitioner cites Rhines v. Weber, 544 U.S. 269 (2005) as support for his motion to stay. In Rhines v. Weber, 544 U.S. 269, 277-278 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Petitioner claims that he meets the requirements set forth in Rhines for staying a petition. However, unlike the petition in Rhines, the instant petition is not a mixed petition, i.e. one that contains exhausted and unexhausted claims. Rather, the petition by Petitioner's own admission

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

3

contains only unexhausted claims. The Rhines' stay and abeyance procedure does not apply to a petition containing only unexhausted claims. When discussing Rhines, the Ninth Circuit has stated that Rhines applies to stays of mixed petitions and Rhines allows the Court to stay mixed petitions rather than dismiss them. See e.g. Lira v. Herrera, 427 F.3d 1164, 1173 n.10 (9th Cir. 2005); Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). Thereafter, in Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006), the Ninth Circuit expressly declined to extend the Rhines stay-and-abeyance procedure to petitions that contain ly unexhausted claims. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). Therefore, the Court finds that it does not have the power to stay and hold in abeyance a petition that contains only unexhausted claims, and the petition must be dismissed without prejudice.[2]

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion to stay the case and hold the petition in abeyance is DENIED;
2. The instant petition for writ of habeas corpus is DISMISSED without prejudice;
3. The Clerk of Court is directed to terminate this action; and,
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 26, 2010**          /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Petitioner seeks to establish cause under California law for his delay, such claim must be presented to the state courts.